Compiler

**IN THE SUPERIOR COURT OF GUAM**

IN THE MATTER OF THE ESTATE )
)     **PROBATE CASE NO. PR0126-09**
OF )
)     **DECISION AND ORDER**
ANA TAISON QUICHOCHO, )
)
Deceased. )
)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Co-Administratrix Annie Q. Pangelinan's Petition for Final Distribution, filed September 18, 2012. Co-Administratrix Teresita Q. Matanane opposed the Petition on November 20, 2012, and oral arguments were heard on November 28, 2012. Ray Cruz Haddock, Esq. appeared on behalf of Petitioner Annie Q. Pangelinan and F. Randall Cunliffe, Esq. represented Teresita Q. Matanane. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This estate concerns two subdivisions of real property described as "Lot No. 4, Tract 1943, Magas" and "Lot No. 5-R3, Tract 1943, Magas". Decedent Ana T. Quichocho first acquired an interest in the land when her husband Vicente T. Quichocho inherited half of an undivided property described as "Lot No. P19.80, Magas" and subsequently purchased the other half during their marriage. Petitioner alleges that Decedent and her husband then subdivided the property into numerous separate lots and granted each parcel to family members except for Lot No. 4 and Lot No. 5-R3.

On January 13, 1981, Vicente T. Quichocho died intestate. On September 6, 1991, Decedent wrote a holographic will to allegedly devise Lot No. 4 to Gene T. Quichocho and Lot No. 5-R3 to Mary Q. Markowski. (Holographic Instrument, Apr. 16, 2012; Order Admitting Will, Apr. 16, 2012.) It is alleged that Decedent further executed deeds of gift that grant the two subdivisions in the same manner. (Petitioner's Reply, Exhibit "A", Nov. 26, 2012.) On

March 16, 1993, Decedent died testate.

On October 14, 2010, the Superior Court in the matter of the Estate of Vicente T. Quichocho ordered that one quarter (1/4) of the former Lot No. P19.80 shall pass to the Estate of Ana T. Quichocho without administration pursuant to 15 GCA § 1005 and be distributed in the present case. *Estate of Quichocho*, PR0134-96, *Judgment* (Super. Ct. Guam Oct. 14, 2010). On April 16, 2012, the Court granted letters of administration with the will annexed to Co-Administrators Annie Q. Pangelinan and Teresita Q. Matanane.

On September 18, 2012, Co-Administratrix Annie Q. Pangelinan filed the present Petition for Final Distribution contemporaneously with the first inventory of the one quarter interest in former Lot No. P19.80 based upon an appraised value of zero dollars ($0.00). The Petition alleges that the Decedent divided and granted her interest in the former Lot No. P19.80 to family members and that any remaining interests in subdivided Lot Nos. 4 and 5-R3 should be distributed according to her will. Co-Administratrix Teresita Q. Matanane opposes the petition on the following grounds: 1) the petition does not correctly appraise one quarter of the former Lot No. P19.80; 2) the petition does not accurately describe Decedent's remaining interest in the subdivision Lot No. 5-R3; and 3) petitioner did not notify creditors of these estate proceedings.

## DISCUSSION

Under Guam law, estate property cannot be distributed until, "it appears that all of the allegations of the petition [to distribute] are true...and that the legacy, devise or share of the estate or any portion thereof may be distributed without...injury to the estate or any person interested therein." 15 GCA § 3003. The real property of an estate must generally be appraised by a qualified, disinterested person. 15 GCA § 2613(b). *See also Id.* at COMMENT (the court has full discretion to require real property to be appraised by a professional appraiser).

In this case, Petitioner seeks final distribution of former Lot No. P19.80 and alleges that it has no value to distribute because Decedent conveyed it during her lifetime. This could be true because Decedent's posthumous interest in one quarter of former Lot No. P19.80 arose by court order in 2010. However, Petitioner offers no evidence of the alleged conveyances or other

record of ownership in former Lot No. P19.80. Petitioner also represents that the value of one quarter of former Lot No. P19.80 is $0.00 without any professional appraisal or other disinterested professional opinion that Decedent conveyed all of her interests in the property before she died. This evidence is necessary to determine whether any part of former Lot No. P19.80 was owned by Ana T. Quichocho at the time of her death so that it may be distributed according to law and without injury to persons interested in her estate. Absent any evidence of Decedent's interest in former Lot No. P19.80, the allegation that the property has no value to distribute does not appear to be true.[1] For this reason, the Petition for Final Distribution shall be denied.

Furthermore, Petitioner failed to serve notice of her petition upon each person named as an heir, including the co-administrator who requested special notice, as required by 15 GCA §§ 3011(a) and 3401(b)(1). (Declaration of Mailing, Nov. 19, 2012.) For this reason, the Petition shall be denied.

## CONCLUSION

Based upon the foregoing, the Petition for Final Distribution is hereby DENIED. The Court may hear another petition to distribute property when admissible evidence makes it appear that the allegations of the petition are true and after notice is given in the manner provided in 15 GCA § 3401.

**SO ORDERED** this ___20TH___ day of **March, 2013.**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 2 0 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

[1] On November 26, 2012, Petitioner attached exhibits regarding Lot Nos. 4 and 5-R3 to an unsworn Reply Memorandum, but the record is devoid of an authenticated instrument or other admissible record of Decedent's interest or conveyance of former Lot No. P19.80. *See generally* Guam R. Evid. 901, 902(4), 6 GCA §§ 4308, 7301, 7302 and 21 GCA Chapter 33.